# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                                 **No. 4:21-cr-176-DPM-1**

**JUSTIN NATHANIEL LEON**

## REPORT AND RECOMMENDATION

**I.     Procedures for Filing Objections**

This Report and Recommendation has been sent to Chief Judge D.P. Marshall Jr. Parties may file objections if they disagree with the findings or conclusions set out in this Report and Recommendation. To properly object to a finding or recommendation, a party must specifically identify the finding or conclusion believed to be erroneous and explain why the party believes it to be in error.

To be considered, objections must be filed within 14 days. Parties who fail to file objections within the time allowed risk waiving the right to later contest the findings and conclusions set out below.

**II.    Findings of Fact**

On March 21, 2023, Defendant Justin Nathaniel Leon appeared in court with his lawyer, Molly Sullivan. At the outset of the hearing, Mr. Leon waived his right to indictment; and the government filed a Superseding Information charging Mr.

Leon with Possession of a Stolen Firearm, in violation of Title 18 U.S.C. Section 922(j).[1] I advised Mr. Leon of his right to remain silent and informed him of the maximum penalties for Possession of a Stolen Firearm. Through counsel, Mr. Leon waived reading of the Superseding Information, entered a plea of not guilty, and requested a trial by jury.

Subsequently, Mr. Leon consented to having a magistrate judge preside over a change-of-plea hearing, with Ms. Sullivan's concurrence.[2] Assistant United States Attorney Chris Givens, appearing on behalf of the government, also consented. Mr. Leon waived his right to a 30-day period to prepare for trial and indicated his desire to plead guilty to Possession of a Stolen Firearm, as charged in the Superseding Information.

During the change-of-plea portion of the hearing, Mr. Leon acknowledged having had meaningful conversations with his lawyer about his constitutional rights, the charge against him in both the Indictment and Superseding Information, forfeiture of the firearm involved in the crime, the federal sentencing guidelines, possible penalties, and the terms of the parties' plea agreement under Fed. R. Crim.

---

[1] *Doc. 31.*

[2] *Doc. 34.* Chief United States District Judge D.P. Marshall Jr., the presiding district judge in this case, referred this Defendant's change-of-plea hearing to me for a report and recommendation. *Doc. 23*

P. 11(c)(1)(A) and (B).[3] Mr. Leon affirmed his satisfaction with Ms. Sullivan's representation and work on his behalf in this case.

Before entering his guilty plea, Mr. Leon acknowledged the possible criminal penalties that will result from his guilty plea, specifically: a prison sentence of not more than 10 years; a fine of not more than $250,000; a term of supervised release not to exceed 3 years; and a special penalty assessment of $100.

At the hearing, Mr. Leon expressed his understanding that, by pleading guilty to the Superseding Information and entering into the parties' plea agreement, he is giving up many of his constitutional and other federally protected rights, including: the right to be indicted by a grand jury; the right to a minimum of 30 days to prepare for trial; the right to a trial by jury; the right to remain silent; the right to compel witnesses to testify on his behalf; the right to cross-examine (through counsel) witnesses against him at a trial; and the right to appeal his conviction and sentence in almost all circumstances.

Mr. Leon confirmed that he is pleading guilty to the crime of Possession of a Stolen Firearm because he is actually guilty of that crime. Specifically, he admitted that, on August 10, 2020, state parole agents discovered marijuana and a loaded 9mm handgun inside Mr. Leon's backpack in the course of a lawful search. Mr. Leon admitted he knew the gun was stolen because the person he bought it from

---

[3] *Docs 36, 37.*

told him it was stolen. The parties agreed that the firearm at issue was transported across state lines and, therefore, affected interstate commerce.

Ms. Sullivan concurred in Mr. Leon's decision to plead guilty and stated her opinion that Mr. Leon is fully competent to enter a guilty plea and that his decision to plead guilty is made voluntarily, with full knowledge of the charge and the consequences of pleading guilty.

Considering Mr. Leon's demeanor at the hearing, his responses to my questions, and his admissions in open court, I find that he is fully competent to enter a knowing and voluntary guilty plea. I further find that Mr. Leon's guilty plea is supported by an independent basis in fact as to each essential element of the offense of Possession of a Stolen Firearm.

I also find the parties' plea agreement to be a fair, reasonable resolution to this case. Mr. Leon has agreed that a sentence of 10 years' imprisonment (120 months) is appropriate, even though that is the harshest sentence the law allows for the crime of possessing a stolen gun. On the other hand, the government has agreed to dismiss the charges in the Indictment upon acceptance of Mr. Leon's guilty plea to the charge in the Superseding Information. In the Indictment, Mr. Leon is charged with Possession with Intent to Distribute Marijuana, Possession of a Firearm by a Felon, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime—crimes that would expose Mr. Leon to a mandatory minimum

prison sentence of 15 years, if convicted, under Title 18 U.S.C. Sections 922(g)(1) and 924(e). And, the evidence against Mr. Leon in this case is strong.

### III.  Recommendations

Based on the record in this case and all of the circumstances, I recommend that Chief Judge Marshall accept the Defendant's plea of guilty and adjudge Defendant Justin Nathaniel Leon guilty of to the crime of Possession of a Stolen Firearm, in violation of Title 18 U.S.C. Section 922(j).

I further recommend that Chief Judge Marshall adopt the parties' plea agreement as a reasonable, just resolution to this case; and that he dismiss the Indictment, pursuant to the parties' plea agreement and the government's conditional motion to dismiss.

DATED this 22nd day of March, 2023.

_____
UNITED STATES MAGISTRATE JUDGE